<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY a/s/o SOMERSET OB-GYN and SELECTIVE INSURANCE COMPANY OF AMERICA a/s/o BRIDGEWATER INTERNAL MEDICINE, PA<br><br>Plaintiffs,<br><br>v.<br><br>AGFA HEALTHCARE CORPORATION<br><br>Defendant. | Civil Action No.: 11-6868 (PGS)<br><br>**MEMORANDUM & ORDER** |

<u>SHERIDAN, U.S.D.J.</u>

This matter comes before the Court on a motion to remand to the Superior Court of New Jersey, Somerset County from the Plaintiffs, Selective Way Insurance Company ("Selective Way") (as subrogee of Somerset OB-GYN Associates, P.A., Inc.) and Selective Insurance Company of America ("Selective Insurance") (as subrogee of Bridgewater Internal Medicine, PA) (collectively "Plaintiffs"). Defendant, AGFA Healthcare Corporation ("AGFA" or "Defendant"), filed a timely Brief in Opposition to the Motion to Remand. For the below-stated reasons, Plaintiffs' motion to remand is denied.

I.  Background

On November 1, 2009 a fire occurred at a premises located in Bridgewater, New Jersey ("the Premises"). At the time of the fire, the premises had two tenants – Somerset OB-GYN Associates, P.A., Inc. ("Somerset OB-GYN") and Bridgewater Internal Medicine, P.A. ("BIM").

At the time, both tenants had fire insurance. Somerset OB-GYN obtained insurance from Selective Way, and BIM obtained insurance from Selective Insurance. Each policy contained a provision that in the event that the insurance company paid its insured for losses covered under the policy, the insurance company would then be subrogated for the amount paid to all rights of its insured against third parties for recovery of the amount paid under the policy. Both Somerset OB-GYN and BIM made claims under their insurance policies for damages purportedly caused by the fire. Plaintiffs paid the two companies an approximate amount $1.7 million to settle their claims.

On October 21, 2011, in their subrogee capacities, Plaintiffs, who are both incorporated and maintain principal places of business in New Jersey, filed a complaint against Defendant AGFA HealthCare in the Superior Court of New Jersey, Somerset County, Docket. No. SOM-L-1642-11. Defendant is incorporated in Delaware and maintains its principal place of business in South Carolina. Plaintiffs allege the fire was a result of a defect in a Drystar 4500 M Imager, which was allegedly manufactured and/or distributed by Defendant. Plaintiffs alleged claims of breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, strict liability and negligence. Selective Way asserts its client suffered damages of $1,696,076.69, while Selective Insurance asserts its loss was $38,329.28.

On November 22, 2011, AGFA removed this action pursuant to 28 U.S.C. § 1441, alleging this Court's original jurisdiction based on diversity pursuant to 28 U.S.C. §1332 ("Diversity Statute"). Defendant claims this Court has subject-matter jurisdiction over Selective Way's claim and supplemental jurisdiction over Selective Insurance's claim pursuant to 28 U.S.C. §1367. On December 21, 2011, pursuant to 28 U.S.C. §1447(c), Plaintiffs filed a timely

motion to remand back to the Superior Court of New Jersey, Somerset County.

II.     Discussion

    A.     Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Stated differently, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have filed it here in the first instance.  After removal, a party can move to remand the action back to state court. 28 U.S.C. § 1447(c).  The removing party bears the burden of establishing the court's jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

To constitute original jurisdiction under the Diversity Statute, an action must have "the matter in controversy exceed[] the sum or value of $75,000," and must be "between . . . citizens of different states." 28. U.S.C. § 1332(a).  Similarly, the court has original jurisdiction over sufficiently related claims via supplemental jurisdiction.  28 U.S.C. §1367(a).  A claim is sufficiently related if makes up the same "case or controversy" under 28 U.S.C. §1367(a); this was stated differently before the statute was codified as "deriv[ing] from the same nucleus of operative facts." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725; *see also In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 301-02 (3d. Cir. 1998).  Further, the Supreme Court of the United States held that supplemental jurisdiction is appropriate over claims that do not meet the $75,000 threshold as long as all other elements are

met and at least one claim in the case does meet the threshold. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005).

      B.     Analysis

          1.     Diversity of Citizenship

In this case diversity of citizenship is satisfied and there is no contention from either party to the contrary. Plaintiffs are incorporated in New Jersey and maintain their principal places of business in New Jersey, and Defendant is incorporated in Delaware and maintains its principal place of business in South Carolina.

Plaintiffs maintain there exists the possibility that new Defendants may be joined in the matter which would destroy diversity of citizenship. Therefore, they argue, it would be more judicially expedient to remand the case now. Though the situation might be as Plaintiffs contend, what they suggest is not within the authority of this Court. The circumstance Plaintiffs envision is already accommodated by both the Federal Rules of Civil Procedure ("F.R.C.P.") and 28 U.S.C. §1447.

Pursuant to 28 U.S.C. §1447(e), if a plaintiff seeks to join defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit it and remand back to state court. Additionally, to accommodate various timings of such joinder, 28 U.S.C. §1447(c) creates an explicit exception for the filing timing of a motion to remand. The statute states a motion to remand on the basis of a defect "other than lack of subject matter jurisdiction" must be made within 30 days of removal. 28 U.S.C. §1447(c). Similarly, the statute creates a similar exception in Rule 12(h)(3) as a timing exception for a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction (stating that if the court determines "at any time" that it lacks

4

subject-matter jurisdiction, the court must dismiss the action). The possibility of diversity-destroying joinder is the exact reason for the statute and rule language as well as the exceptions as a whole.

Joinder of a diversity-destroying party can happen at many points in a lawsuit and the federal rules and statutes reflect and accommodate such situations. However, the statutes and rules do not allow a court to remand because of "mere possibility" of diversity-destroying joinder at some indeterminate point in the future. The Plaintiffs cite no case or precedent to the contrary. Because there is clear diversity of citizenship between the parties currently in the lawsuit, the diversity requirement is fulfilled.

2.    Amount in Controversy

Like the circumstance with diversity of citizenship, there appears to be an agreement between counsel for the parties that the approximate $1.7 million claim by Selective Way on behalf of Somerset OB-GYN satisfies the amount-in-controversy requirement of $75,000. This aligns with the plain language of the statute 28 U.S.C. §1332(a), giving federal courts jurisdiction where the monetary amount of the matter in controversy exceeds $75,000. As Selective Way's amount comports with the plain language of the statute, this Court has original jurisdiction as to Plaintiff Selective Way's claim. However, Selective Insurance claim of $38,329.28 does not meet the threshold. As such, defendant seeks that the Court assert supplemental jurisdiction due to the relationship of the claims.

3.    Supplemental Jurisdiction

The only remaining question is whether this Court has supplemental jurisdiction over the claims of Selective Insurance, pursuant to 28 U.S.C. §1367(a). According to §1367(a), this

Court may assert supplemental jurisdiction over all claims in the action that form "part of the same case or controversy under Article III of the United States Constitution."

The question of whether a court may assert supplemental jurisdiction over a claim that did not satisfy the amount in controversy requirement was resolved by the Supreme Court in *Exxon Mobil v, Allapattah Services, Inc.* 545 U.S. 546 (2005). The *Exxon* court declared that "§1367 does authorize supplemental jurisdiction over [claims] . . . even if those claims are for less than the jurisdictional amount . . . ." *Id.* at 549. In *Exxon*, the court found in favor of jurisdiction over a claim by a child who injured her finger and it arose out the same controversy. *Id*. at 551. Here, the claims arose from the same fire.

## ORDER

For the reasons set forth in the above memorandum,

IT IS on this 11th day of September, 2012;

ORDERED that Plaintiffs' motion to remand is denied.


      *s/Peter G. Sheridan*
      PETER G. SHERIDAN, U.S.D.J.